**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-2055

ORTAGUS DEMETRICE BENNETT,

        Plaintiff - Appellant,

  v.

RANDY SMITH, in his individual and representative capacity as a agent for the US Drug Enforcement Agency; JOHN GARRETT, in his individual and representative capacity as a agent for the US Drug Enforcement Agency; JOHN & JANE DOES 1-10, DEA agents in their individual and representative capacities; JAMES & JOAN DOE 1-10, in their individual and representative capacities Agents of the State of South Carolina Law Enforcement Agencies,

        Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:19-cv-01799-TMC)

Submitted: February 25, 2020                       Decided: March 11, 2020

Before KING, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ortagus Demetrice Bennett, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ortagus Demetrice Bennett appeals the district court's order dismissing his civil action under the Racketeer Influenced and Corrupt Organization Act; 42 U.S.C. §§ 1981, 1983 (2018); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); and South Carolina state law.  The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2018).  The magistrate judge recommended dismissing Bennett's federal claims as frivolous and declining to exercise supplemental jurisdiction over Bennett's state law claims.[1]  The magistrate judge advised Bennett that failure to file timely, specific objections to the recommendation could waive appellate review of a district court order based upon the recommendation.  The district court ultimately accepted the magistrate judge's report and recommendation after finding that Bennett filed only general, conclusory objections.[2]

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of the recommendation when the parties have been warned of the consequences of noncompliance.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140 (1985).  Bennett has waived appellate review by failing to file specific objections to the particularized legal

---

[1] Although the magistrate judge recommended dismissal without prejudice, he noted that no amendment could cure the deficiencies in the complaint.  *See Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 623 (4th Cir. 2015).

[2] The district court vacated its initial order dismissing Bennett's action for failure to file objections to the magistrate judge's report and recommendation upon receiving Bennett's belated objections and motion for reconsideration.

2

recommendations made by the magistrate judge after receiving proper notice. *See United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) (holding that litigant "waives a right to appellate review of particular issues by failing to file timely objections specifically directed to those issues"). Moreover, Bennett does not challenge in his informal brief the district court's finding that he failed to make specific objections, but instead merely reattaches his civil complaint. *See* 4th Cir. R. 34(b) (limiting appellate review to issues raised in informal brief); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (same). Accordingly, we affirm the judgment of the district court.

    We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*